On Motion to Dismiss.
The opinion of the court was delivered by
Poché, J.
This complicated litigation began by an attachment, sued out against defendant’s property, subsequently followed by a second attachment of other property, consisting mainly of a stock of' goods in a country store, of cotton, and of mules and horses.
Numerous third oppositions were then filed by other parties, some' of whom claimed the ownership of some specific items of the property which had been seized, and others claimed. preference of payment over the attaching creditors for amounts due to them respectively.
1. Mrs. Bridget Nalty claimed the ownership of some mules which, had been attached as belonging to the defendant.
2. J. J. Nalty claimed the ownership of some cotton, and of the contents of the store, of a lot of cotton, and of farming implements,, all of which had been attached as the property of the defendant.
3. Thomas Lynch claimed a privilege for unpaid salary due to him. as a clerk in the defendant’s store.
*424 4. Fred Claiborne claimed a privilege for unpaid balance due him on his salary as overseer.
Several other third oppositions were filed, but, as they are not involved in the present appeal, they need not be mentioned or described in this opinion.
The judgment below was as follows:
1. In favor of third opponent Bridget Nalty, recognizing her as the owner of the mules which she claimed.
2. In favor of third opponent J. J. Nalty, for all the property which he claimed.
.3. In favor of Thomas Lynch, allowing him the privilege which he claimed on certain goods recognized as the property of the defend•ant.
4. In favor of Fred. Claiborne, enforcing his privilege on hay and corn decided to belong to the defendant.
In other respects the judgment went against the defendant, fixing his indebtedness to plaintiffs at the sum of $2370.84, and sustaining the attachments sued out against his property.
Plaintiffs have appealed, and the defendant moves for an amendment of the judgment, so as to reject plaintiffs’ demand. J. J. Nalty, one of the third opponents, prays by way of annulment for ■damages for the wrongful attachment of his property.
The other third opponents move to dismiss the appeal in so far as it affects them respectively on the ground that the respective amounts involved as to them are not equal to the lower limit of our jurisdiction.
1. As to the motion of Mrs. B. Nalty, it is admitted on the part of •appellants that the aggregate value of the mules which she claims is .less than $2000; hence it follows that this court has no jurisdiction •over that part of the contestation which affects her claim.
It is settled in our jurisprudence that the value of the property ■seized, the ownership of which is claimed by a third opponent, is the test of jurisdiction on appeal. Meyer, Weiss & Co. vs. Logan, 33 An. 1055; Schleider vs. Martinez, 38 An. 847. We must therefore decline jurisdiction of that branch of the case.
But a different rule applies to the motions made by third opponents Lynch and Claiborne, whose respective claims amount each to much less than $2000.
They do not set up ownership to any specific item of the property .attached, but they merely seek to enforce a ranking privilege on the *425 proceeds of some of the property seized. Hence their cases involve a claim to a portion of a fund held by the sheriff for distribution, and in such cases the jurisdiction of the court is to be tested by the value of all the property attached, which will furnish the fund to be distributed, and if that exceeds $2000, as is shown here, our jurisdiction attaches, without reference to the amount therein claimed. Walsh vs. Corinne, 36 An. 199; Renshaw vs. Stafford, 34 An. 1138.
We therefore conclude that the motion of these opponents can not prevail.
It is therefore ordered that the motion to dismiss the appeal, in so far as the interests or claims of Thomas Lynch and of Fred Claiborne are therein_affected, be denied, and it is ordered that, in so far .a? it refers to the claim of third opponent Mrs. Bridget Nalty, the appeal herein taken be dismissed at appellants’ costs.